IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KECIA NEAL                                                                                    PLAINTIFF

VS.                                        CASE NO. 09-CV-1027

TEVA PHARMACEUTICALS USA,
INC.; SCHWARZ PHARMA, INC.;
and WYETH, INC. d/b/a WYETH                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Kecia Neal brought this products liability action against Defendants Wyeth, Inc. ("Wyeth"), Schwarz Pharma, Inc. ("Schwarz"), and Teva Pharmaceutical, Inc. ("Teva") claiming that she was injured by consuming metoclopramide, a prescription drug manufactured by the Defendants. The matter is now before the Court on a Motion for Summary Judgment filed on behalf of Defendants Wyeth and Schwarz (Doc. No. 21). Plaintiff responded to the motion. (Doc. No. 28). Defendants filed a reply to Plaintiff's response (Doc. No. 30), along with additional supplemental authority in support of the motion (Doc. Nos. 31 and 32). The Court finds the matter ripe for consideration.

BACKGROUND

Metoclopramide is a prescription drug approved by the FDA to treat gastroesophageal reflux disease. Metoclopramide is available in both name brand and generic forms. From approximately 1989 through late December 2001, Wyeth manufactured and distributed metoclopramide under the name brand Reglan®. In late December 2001, Schwarz acquired the rights to Reglan® from Wyeth. Thereafter, Schwarz manufactured and distributed Reglan®

tablets until 2008.  Since the mid-1980s, a number of companies, including Teva manufactured and distributed metoclopramide in its generic form.

Beginning in late 2005, Plaintiff Kecia Neal took metoclopramide for gastroparesis.  She claims that her use of the drug caused her to develop tardive dyskinesia, a neurological movement disorder.  Plaintiff concedes that she only ingested generic metoclopramide and she did not ingest any metoclopramide, either generic or name brand (Reglan®), that was manufactured or distributed by either Wyeth or Schwarz.  Defendants Wyeth and Schwarz have moved for summary judgment in this case.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established.  The Federal Rules of Civil Procedure provide that when a party moves for summary judgment;

> The judgment sought shall be rendered if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c)(2); *Krenik v. County of LeSueur,* 47 F.3d 953 (8th Cir. 1995).  The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial–whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 250 (1986).  *See also Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund,* 800 F.2d 742, 746 (8th Cir. 1986).  A fact is material only when its resolution affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248.  A

dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256.

DISCUSSION

Defendants Wyeth and Schwarz claim that they are entitled to judgment as a matter of law because the metoclopramide consumed by the Plaintiff was not manufactured or sold by either defendant. Plaintiff does not dispute that she never consumed any metoclopramide manufactured by either Wyeth or Schwarz. Rather, she contends that they are still liable for her injuries because they failed to adequately warm consumers of the dangers of using generic metoclopramide manufactured by other companies. Plaintiff brings her claims under Arkansas law for negligence, strict products liability, breach of warranties, express and implied, negligent and fraudulent misrepresentation, and gross negligence.

Although Plaintiff has brought this action under various state law theories for recovery, her claims are still product liability claims. *See* Ark. Code Ann. § 16-116-102(5) (defining "product liability action" to include "all actions brought for or on account of personal injury,

death, or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging, or labeling of any product."). The question whether a plaintiff can maintain a products liability action in Arkansas against the name brand manufacture of a prescription drug when the consumer only ingested the generic form of the drug has been answered. In *Fields v. Wyeth, Inc., et al,* Judge Robert Dawson held that as a matter of law such an action can not be maintained in Arkansas. 613 F.Supp 2d 1056, 1058 (W.D. Ark. 2009). The Court agrees with Judge Dawson's reasoning (and the weight of authority considering this issue[1]) and concludes that under Arkansas law a manufacturer of a brand name prescription drug may not be held liable for injuries arising from the use of another manufacturer's generic equivalent of the drug. Accordingly, since Plaintiff did not use any product manufactured by Wyeth or Schwarz, she can not maintain an action against either of these defendants.

## CONCLUSION

For the foregoing reasons, the Court finds that the Motion for Summary Judgment filed by Defendants Wyeth, Inc. and Schwarz Pharma, Inc. should be and hereby is **granted**. All claims against these defendants are dismissed

IT IS SO ORDERED, this 1st day of July, 2010.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[1] *See, e.g., Foster v. American Home Products Corp.,* 29 F.3d 165, 170 (4th Cir. 1994); *Mensing v. Wyeth, Inc.,* 588 F.3d 603 (8th Cir. 2009); *Calacicco v. Apotex, Inc.,* 432 F. Supp. 2d 514 (E.D. Pa 2006); *Swicegood v. Pliva, Inc.,* 543 F. Supp. 2d 1351 (N.D. Ga. 2008); *LeBlanc, et al., v. Wyeth, Inc., et al.,* 2006 WL 2883030 (W.D. La. Oct. 5, 2006); *Pustejovsky v. Wyeth, Inc., et al.,* 2008 WL 1314902 (N.D. Tex. April 3, 2008); *Morris v. Wyeth, Inc., et al.,* 2008 WL 2677048 (W.D. Ky. June 30, 2008);